IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 7:25-cv-06080

ROCKEFELLER PHOTOS, LLC,

    Plaintiff,

v.

THE IRON TOMATO, LLC,

    Defendant.

## COMPLAINT

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues Defendant The Iron Tomato, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2. Defendant is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located at 57 Mamaroneck Avenue, White Plains, NY 10601. Defendant serves as its own agent for service of process at 57 Mamaroneck Avenue, White Plains, NY 10601.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

7. Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff. Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

### II. The Work at Issue in this Lawsuit

*The First Photograph*

8. A professional photographer employed by Plaintiff's above-named customer created a photograph of eggplant rollatini (the "First Photograph"). A copy of the First Photograph is displayed below:



9. The First Photograph was registered by the above-named customer with the Register of Copyrights on September 20, 2016 and was assigned Registration No. VA2-017-741. A true and correct copy of the Certificate of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

### *The Second Photograph*

10. A professional photographer employed by Plaintiff's above-named customer created a photograph of shrimp cocktail (the "Second Photograph"). A copy of the Second Photograph is displayed below:



11. The Second Photograph was registered by the above-named customer with the Register of Copyrights on October 23, 2016 and was assigned Registration No. VA 2-022-051. A true and correct copy of the Certificate of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

*The Third Photograph*

12. A professional photographer employed by Plaintiff's above-named customer created a photograph of a tray containing a variety of sliced cold cuts of meat, pickles, cheese, a sandwich, and other items (the "Third Photograph"). A copy of the Third Photograph is displayed below:



13. The Third Photograph was registered by the above-named customer with the Register of Copyrights on February 8, 2017 and was assigned Registration No. VA 2-046-594. A true and correct copy of the Certificate of Registration pertaining to the Third Photograph is attached hereto as **Exhibit "C."**

*The Fourth Photograph*

14. A professional photographer employed by Plaintiff's above-named customer created a photograph of several sliced wrap sandwiches (the "Fourth Photograph"). A copy of the Fourth Photograph is displayed below:



15. The Fourth Photograph was registered by the above-named customer with the Register of Copyrights on November 26, 2016 and was assigned Registration No. VA 2-022-966. A true and correct copy of the Certificate of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "D."**

16. The First Photograph, the Second Photograph, the Third Photograph and the Fourth Photograph are collectively referred to herein as the "Work."

17. Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

18. For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public

by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### III.     Defendant's Unlawful Activities

19. Defendant owns and operates a restaurant located in White Plains, NY.

20. Defendant advertises/markets its business through its website (https://theirontomato.com/), social media (e.g., https://www.facebook.com/theirontomato and (https://www.instagram.com/theirontomato/), and other forms of advertising.

21. On a date after the above-referenced copyright registration of the First Photograph, Defendant displayed and/or published the First Photograph on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business (at https://theirontomato.com/wpcontent/uploads/2018/02/catering_menu.pdf):



22. On a date after the above-referenced copyright registration of the Second Photograph, Defendant displayed and/or published the Second Photograph on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business (at https://theirontomato.com/wpcontent/uploads/2018/02/catering_menu.pdf):



23. On a date after the above-referenced copyright registration of the Third Photograph, Defendant displayed and/or published the Third Photograph on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business (at https://theirontomato.com/wpcontent/uploads/2018/02/catering_menu.pdf):



24. On a date after the above-referenced copyright registration of the Fourth Photograph, Defendant displayed and/or published the Fourth Photograph on its website, webpage, social media, and/or print media as a means of advertising, promoting, and/or marketing its business (at https://theirontomato.com/wpcontent/uploads/2018/02/catering_menu.pdf):

[Image of sandwich menu page with highlighted wrap sandwich photos]

25. A true and correct copy of the screenshots of Defendant's website, webpage, social media, and/or print media displaying the copyrighted Work, is attached hereto as **Exhibit "E."**

26. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or print media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

27. Defendant utilized the Work for commercial use.

28. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

29. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of

the Work in October 2023. Following such discovery, Plaintiff and/or its above-named customer notified Defendant in writing of such unauthorized use.

30. All conditions precedent to this action have been performed or have been waived.

## **COUNT I – COPYRIGHT INFRINGEMENT**

31. Plaintiff re-alleges and incorporates paragraphs 1 through 30 as set forth above.

32. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

33. Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

34. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

35. As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or print media.

36. Defendant reproduced, distributed, displayed, and/or publicly displayed the Work without authorization from Plaintiff or its above-named customer.

37. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

38. Defendant's infringement was willful as it acted with actual knowledge or reckless

disregard for whether its conduct infringed upon copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

39. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

40. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

41. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

42. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

43. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed the copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: July 24, 2025.

                **COPYCAT LEGAL PLLC**
                3111 N. University Drive
                Suite 301
                Coral Springs, FL 33065
                Telephone: (877) 437-6228
                dan@copycatlegal.com

                By: /s/ Daniel DeSouza
                      Daniel DeSouza, Esq.